UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES TERRELL JOHNSON                              CIVIL ACTION

VERSUS                                             NUMBER: 10-00301

ASSUMPTION PARISH DETENTION                        SECTION: "N"(5)
CENTER, ET AL.


**REPORT AND RECOMMENDATION**


Pro se plaintiff, James Terrell Johnson, originally filed the above-captioned 42 U.S.C. §1983 proceeding in the United States District Court for the Middle District of Louisiana. (Rec. doc. 1). On February 1, 2010, the case was transferred to this court based on venue considerations. (Rec. doc. 4). Named as defendants in plaintiff's complaint were the Assumption Parish Detention Center ("APDC"), Sheriff Michael J. Waguespack, Warden Darren Crochet, and the Assumption Parish School Board. (Rec. doc. 1, pp. 1, 4). Plaintiff alleged that on July 30, 2009, while he was working for the Assumption Parish School Board as an APDC Class "A" Trustee, a desk which he had loaded fell out of a truck, injuring his neck and

back. (Id. at p. 5). By the time that he authored his complaint, plaintiff had already been transferred to the Elayn Hunt Correctional Center, St. Gabriel, Louisiana. (Id. at pp. 1, 4, 6, 11). Plaintiff requested an unspecified amount of monetary damages as well as medical care for his neck and back.

Plaintiff has instituted suit herein in forma pauperis pursuant to 28 U.S.C. §1915. (Rec. doc. 10). A proceeding brought in forma pauperis may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). See also 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff's claim in the instant case can best be characterized as one for injuries to his person due to the negligence of others. On that score, the Due Process Clause of the Fourteenth Amendment is simply not implicated by a negligent act of a state official causing unintended loss of an injury to life, liberty, property. Herrera v. Millsap, 862 F.2d 1157, 1160 (5th Cir. 1989)(quoting Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct.

2

662, 664 (1986)). Plaintiff's complaint does not set forth an arguable Eighth Amendment claim for deliberate indifference to his serious medical needs as he admits that he was seen at the Assumption Parish Hospital Emergency Room twice on the day in question, he has since been transferred from APDC, and none of the named defendants are responsible for providing treatment to plaintiff at his present place of confinement. Moreover, correctional facilities like APDC are not considered to be "persons" within the meaning of §1983 and, as to the other three defendants, plaintiff sets forth no facts demonstrating personal involvement on their part, an essential element of a civil rights cause of action as the concept of <u>respondeat superior</u> is inapplicable to §1983 proceedings. <u>Wetzel v. St. Tammany Parish Jail</u>, 610 F.Supp.2d 545, 549-50 (E.D. La. 2009).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  15th  day of        April       , 2010.

／s／ Alma L. Chasez
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE